```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Civil No. 13-851 (DSD/SER)
```

John E. Peet,

       Plaintiff,

v.                                          **ORDER**

Carolyn W. Colvin,
Acting Commissoner of Social Security,

       Defendant.

    John E. Peet, 16638 Franklin Trail #319, Prior Lake, MN, 55372, pro se.

    Pamela Marentette, Esq., United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion to reopen and to show cause by defendant Carolyn Colvin, the Acting Commissioner of Social Security, and the motion to show cause by pro se plaintiff John E. Peet. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the Commissioner's motion in part and denies Peet's motion as moot.[1]

---

[1] Peet styles his submission as a motion to show cause, but in substance it requests the court to not dismiss his action at this time. Although the court does not find that dismissal is warranted at the time, there is also no basis to issue a show cause order against the Commissioner. Accordingly, the court will deny Peet's motion to show cause as moot.

**BACKGROUND**

On April 12, 2013, Peet filed a complaint challenging the Commissioner's decision to deny him disability benefits. In lieu of answering the complaint, the Commissioner moved to remand the case for a de novo administrative hearing pursuant to sentence six of 42 U.S.C. § 405(g), because the recording of Peet's January 22, 2008 hearing was blank. ECF No. 7. The court granted the motion, and a de novo hearing was held on December 4, 2014. See ECF No. 21 Ex. 1, at 4. On December 18, 2014, the Commissioner issued a partially favorable decision. Id. Specifically, the Commissioner found that Peet became disabled as of October 1, 2007, and remained disabled through the date of the decision. Id. at 5. The Commissioner now moves to reopen this matter. Moreover, because Peet received a partially favorable decision, the Commissioner also requests an order directing Peet to show cause as to why this case should not be dismissed. ECF No. 20. In response, Peet filed a motion to show cause on August 10, 2015, challenging the Commissioner's decision on remand. ECF No. 24. Specifically, Peet argues that he is entitled to disability benefits as of August 1999. Id. at 3.

**DISCUSSION**

The court retains jurisdiction to review the Commissioner's decision on remand under sentence six of § 405(g). Travis v. Astrue, 477 F.3d 1037, 1039 (8th Cir. 2007). Following a

2

rehearing, the Commissioner must "modify or affirm [her] findings of fact or ... decision, or both," and file the findings of fact or decision with the court. 42 U.S.C. § 405(g). In any case in which the Commissioner issues a decision that is not fully favorable to the plaintiff, the Commissioner must also file "a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." Id.

The local rules of this district govern the procedure for judicial review following a sentence six remand. See D. Minn. L.R. 7.2. If the Commissioner's final decision on remand is adverse to the plaintiff, the Commissioner must file and serve the administrative record on which the decision is based within sixty days after the decision is rendered. Id. 7.2(d)(1).[2] The filing of the record triggers the briefing schedule contemplated by Local Rule 7.2(c). The decision rendered on remand was partially adverse to Peet, and as a result, a show cause order against either party is not warranted at this time. However, because the deficiencies on which the remand was based have now been cured, the court will reopen the matter.

---

[2] Although a final decision was issued on December 14, 2014, the Commissioner was not notified of the decision until June 10, 2015. See ECF No. 21, at 1. The court will therefore waive the sixty-day deadline under Local Rule 7.2(d)(1). Moreover, because this action was remanded before the Commissioner answered Peet's complaint, the court also directs the Commissioner to serve and file an answer. See D. Minn. L.R. 7.2(b)(1).

3

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to reopen and show cause [ECF No. 21] is granted in part, as set forth above;

2. Plaintiff's motion to show cause [ECF No. 24] is denied as moot;

3. Within sixty days after the date of this order, the Commissioner must file and serve an answer to the complaint and a certified copy of the administrative record on which her decision is based, triggering the briefing schedule set forth in Local Rule 7.2(c); and

4. This matter is referred to the magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 7.2(a).


Dated: August 12, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court